█ RUTH TULCHIN et al., Respondents, v. BLOOMINGDALE BROS. DIVISION OF FEDERATED DEPARTMENT STORES, INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. PHOTO REFLEX STUDIOS, INC., Third-Party Defendant-Respondent.— In an action by Ruth Tulchin, an employee of a concessionaire (Photo Reflex Studios, Inc.) occupying space in a department store (hereafter called "Bloomingdale"), to recover damages for personal injury, and by her husband, Louis Tulchin, to recover damages for loss of services and medical expenses, in which Bloomingdale instituted a third-party action against the concessionaire, as third-party defendant, Bloomingdale appeals from a judgment of the Supreme Court, Queens County, entered February 15, 1963 after trial: (1) upon a jury's verdict in favor of the plaintiff wife for $37,000 and in favor of the plaintiff husband for $3,000; and (2) upon the court's decision [rendered after the verdict pursuant to stipulation] in favor of the third-party defendant, dismissing the third-party complaint upon the merits. Judgment, insofar as it is in favor of plaintiff Louis Tulchin and in favor of the third-party defendant, Photo Reflex Studios, Inc., affirmed, with costs to said third-party defendant against defendant Bloomingdale. Judgment, insofar as it is in favor of plaintiff Ruth Tulchin, reversed on the law and the facts; and, as between her and the defendant Bloomingdale, the action is severed and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a written stipulation consenting to reduce to $25,000 the amount of the verdict in her favor and consenting to the modification and entry of judgment accordingly, in which event the judgment, insofar as it is in favor of said plaintiff and as thus reduced and modified, is affirmed, without costs. In our opinion, under all the circumstances, the verdict in favor of the plaintiff Ruth Tulchin was excessive to the extent indicated. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.